UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN LOPEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FCA US LLC,<br><br>　　　　　Defendant. | No. 1:18-CV-01487-DAD-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. No. 10) |

On September 21, 2018, plaintiff Juan Lopez filed this action against defendant FCA US LLC ("FCA") in the Fresno County Superior Court, alleging state law causes of action for breaches of express and implied warranties under the Song-Beverly Consumer Protection Act, California Civil Code § 1790 et seq. (the "Song-Beverly Act"). (*See* Doc. No. 1 at 13–19.) Defendant removed the action to this court on October 26, 2018, on the basis of diversity jurisdiction. (*Id.* at 1–8.)

On November 13, 2018, plaintiff filed the instant motion to remand the case to state court, arguing that defendant had failed to establish both complete diversity of citizenship between the parties or that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332. (Doc. No. 10.) Defendant filed its opposition on December 20, 2018. (Doc. No. 13.) Plaintiff filed his reply on January 2, 2019. (Doc. No. 14.) A hearing on this matter was held on January

/////

1

8, 2019. Attorney Alicia Hinton appeared on behalf of plaintiff, and attorney Rachel Kashani appeared on behalf of defendant.

Having considered the parties' written submissions and heard oral argument, and for the reasons set forth below, plaintiff's motion to remand will be denied.

## LEGAL STANDARD

A defendant in state court may remove a civil action to federal court so long as that case could originally have been filed in federal court. 28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Thus, removal of a state action may be based on either diversity jurisdiction or federal question jurisdiction. *City of Chicago*, 522 U.S. at 163; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Removal jurisdiction is based entirely on federal statutory authority. *See* 28 U.S.C. § 1441 et seq. These removal statutes are strictly construed, and removal jurisdiction is to be rejected in favor of remand to the state court if there are doubts as to the right of removal. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012); *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction, by a preponderance of the evidence. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Gaus*, 980 F.2d at 566–67. The district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014); *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand for lack of subject matter jurisdiction "is mandatory, not discretionary").[1]

## DISCUSSION

Plaintiff contends that defendant failed to establish the necessary facts to establish the diversity jurisdiction of this federal court. Diversity jurisdiction exists in actions between citizens

---

[1] An order remanding a case based on a lack of subject matter jurisdiction is not appealable. 28 U.S.C. § 1447(d); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638–39 (2009).

of different states where the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332.

**A. Citizenship of Defendant**

Section 1332 first requires complete diversity of citizenship, and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted). For purposes of diversity jurisdiction, a natural person is a citizen of the state in which she is domiciled, and she is presumptively domiciled at her place of residence. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *accord Naegele v. Tonius*, 320 F. App'x 550, 551 (9th Cir. 2009).[2] A corporation, including one incorporated in a foreign country, is a citizen of its place of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1); *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994). A limited liability company is a citizen of all the states of which its owners or members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

As to plaintiff's citizenship, plaintiff's complaint alleges that he resides in California. (*See* Doc. No. 1 at 13.) On defendant's motion to remand, neither party disputes that plaintiff is a citizen of California. Absent any countervailing evidence or argument, the court finds plaintiff is a citizen of California.

In its notice of removal and accompanying declaration, defendant states that: (1) FCA is a limited liability company organized under the laws of the state of Delaware; (2) the sole member of FCA is FCA North America Holding, LLC ("FCA North America"), a limited liability company organized under the laws of the state of Delaware; and (3) the sole member of FCA North America is Fiat Chrysler Automobiles, N.V., a publicly traded company (*naamloze vennootschap*) incorporated under the laws of the Netherlands, and with its principal place of business in London, England. (*Id.* at 3; Doc. No. 1-2 at 1–2.) Because both defendant and its

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

sole member FCA North America are limited liability companies, their citizenship ultimately depends on the citizenship of Fiat Chrysler Automobiles, N.V. Accordingly, based on the evidence presented, the court finds that defendant is a citizen of the Netherlands and England, for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *see also Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").

For these reasons, the court concludes that this is an action between citizens of different states or foreign states.

**B. Amount in Controversy**

In addition to diversity of citizenship, the party asserting diversity jurisdiction also bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The amount in controversy, which must be determined as of the date of removal, *see Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (citing *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993) and *United Farm Bureau Mut. Ins. Co. v. Human Relations Comm'n*, 24 F.3d 1008, 1014 (7th Cir. 1994)), "is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability," *Lewis v. Verizon Comm. Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "In calculating the amount in controversy, a court must assume that the allegations in the complaint are true and that a jury will return a verdict for plaintiffs on all claims alleged." *Page v. Luxottica Retail North Am.*, No. 2:13-cv-01333-MCE-KJN, 2015 WL 966201, at *2 (E.D. Cal. Mar. 4, 2015) (citing *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)); *accord Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012).[3]

In removing this case, defendant contends that the damages, penalties, and attorney's fees sought in this case amount to more than $75,000. The court addresses each of these components in turn below.

---

[3] *See* fn. 2, above.

### 1. Damages

In an action brought pursuant to the Song-Beverly Act, a plaintiff may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by "that amount directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). The actual price paid or payable includes paid finance charges. *Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 37–38 (2000). Moreover, the amount directly attributable to use by the buyer "shall be determined by multiplying the actual price of the new motor vehicle paid or payable by the buyer . . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle . . . for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(C).

According to the sales contract attached to plaintiff's complaint in this case, plaintiff agreed to purchase a new 2016 Dodge Charger with a $1,187.34 down payment, $47,325.52 in financing, and $5,249.24 in finance charges, for a total price of $53,762.10. (Doc. No. 1-1 at 24–25.) The sales contract also indicates that the vehicle had been driven 41 miles at the time of purchase. (*See id.*) At the hearing on this motion for remand, plaintiff's counsel indicated that plaintiff's vehicle had been driven 1,028 miles at the time of its first relevant repair request. Therefore, the amount directly attributable to use by plaintiff is $442.19.[4] As a result, it appears plaintiff would be entitled to up to $53,319.91 in damages if he prevailed on his claim brought under § 1793.2.

### 2. Civil Penalties

A buyer who establishes a willful violation of the Song-Beverly Act may recover a civil penalty of up to "two times the amount of actual damages." Cal. Civ. Code § 1794(c). Thus, if plaintiff prevailed on this claim he may be entitled to an additional $106,639.82 in civil penalties.

### 3. Attorney's Fees

Finally, the Song-Beverly Act provides for the award of attorney's fees. Cal. Civ. Code § 1794(e). "[W]here an underlying statute authorizes an award of attorneys' fees, either with

---

[4] $53,762.10 \times ((1,028 - 41) / 120,000) = $442.19. *See* Cal. Civ. Code § 1793.2(d)(2)(C).

5

mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). However, courts in this circuit are split as to whether future attorney's fees—as opposed to only fees incurred as of the time the suit is filed—should be considered when determining the amount in controversy. *See, e.g.*, *Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM JCGX, 2012 WL 2373372, at *19 (C.D. Cal. June 22, 2012) (collecting cases); *Reames v. AB Car Rental Servs., Inc.*, 899 F. Supp. 2d 1012, 1018 (D. Or. 2012) (same).

Here, neither party presents evidence of the actual or anticipated attorney's fees in this case in the event plaintiff were to prevail. In any event, the total of the restitution damages and civil penalty amounts in controversy at issue in this case is at least $159,959.73, far exceeding the $75,000.00 amount in controversy requirement for diversity jurisdiction.

The court acknowledges that plaintiff challenges the method of measuring potential damages set forth above, arguing that the amount in controversy with respect to his claims, exclusive of attorney's fees and costs, is actually $23,722.56. (*See* Doc. No. 10 at 8–10.) However, plaintiff's calculation is based on a measure of "restitution of consideration . . . *minus allowable deductions*" and a "loan payoff under contract rescission." (*Id.* at 9.) The court is unpersuaded by plaintiff's damages calculation and has instead measured damages, to determine the amount in controversy in this action, as defined by the Song-Beverly Act itself. *See* Cal. Civ. Code § 1793.2(d)(2)(B)–(C); *see also Alvarado v. FCA US, LLC*, No. EDCV 17-505 JGB (DTBx), 2017 WL 2495495, at *3 (C.D. Cal. June 8, 2017) ("[T]he measure of damages in an action such as this one includes restitution 'in an amount equal to the purchase price paid or payable by the buyer,' reduced by that amount 'directly attributable to use by the buyer' prior to delivery of the vehicle back to the dealer for correction of the problem that gave rise to the nonconformity with the warranty."); *Lee v. FCA US, LLC*, No. CV 16-5190 PSG (MRWx), 2016 WL 11516754, at *2 (C.D. Cal. Nov. 7, 2016) ("The Song-Beverly Act also permits Plaintiff to recover a civil penalty in the amount of two times the restitution."). Thus, the court finds that defendant has established that the amount in controversy in this case exceeds $75,000.
/////

**CONCLUSION**

For the reasons set forth above, the court concludes that defendant has established complete diversity of citizenship between the parties and an amount in controversy more than $75,000. Accordingly, plaintiff's motion to remand (Doc. No. 10) is denied.

IT IS SO ORDERED.

Dated: **June 25, 2019**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE